### THE KING *vs.* AH KO.

#### ON EXCEPTIONS FROM THE SECOND CIRCUIT.

A BROTHER of one of the jurors drawn to try a case for selling liquor without a license had offered a reward to the prosecuting witness for the detection of any person guilty of this offense in the neighborhood;

HELD, that the juror was not disqualified, he having answered that he was not thereby biased.

Opinion of the Court by HARRIS, C. J.

This defendant was tried at the last term of the Circuit Court of Maui for selling liquor without a license. It appears that Mr. Samuel T. Alexander, a shareholder in the Haiku Plantation, and manager thereof, offered $25 reward to one of the witnesses, who is called the principal witness, if he would buy liquor of any person in his vicinity. It does not appear that Mr. Alexander offered any sum of money to establish a charge against this particular defendant, but it was a general reward offered in the interests of good order for the detection of any person guilty of this offense in this neighborhood.

At the trial the defendant objected to the brother of Mr. Alexander, who had been drawn on the jury, and likewise to two other jurors, because they were employed on the same plantation on which Mr. Alexander was manager.

The Haiku Sugar Company owns a very extensive estate on the Island of Maui, and employs several hundred hands. The objection made to the juror Alexander is, that his relative is interested in procuring his conviction, and that he evidences that interest by paying a reward.

Now certainly Mr. Samuel Alexander has no pecuniary interest in the result adverse to this defendant, for if he has paid the money to the witness the transaction is finished. If he has not paid the money, an acquittal of the defendant would absolve him from paying it at all. Mr. Samuel Alexander himself has the same interest in procuring the conviction of offenders, which every other good citizen and property holder has—no more, no less—and if his relatives, and those employed by the same company, should be debarred from sitting on the jury because he is active in ferreting out offenses, it would follow that all their employees would likewise be excluded from the jury for the same reason, and thus there would be none left to try offenders except their own accomplices.

Besides, it is usual for the presiding Judge to inquire of a juror, who may be objected to, whether he has any bias which will prevent him from giving a fair verdict on the evidence. This, as we understand, was not neglected in this case, and a great deal of regard is to be paid by the Court to the discretion of the presiding Judge.

Exceptions overruled.

Attorney General Preston for the Crown.

A. S. Hartwell for the exceptions.